■ FIRST AMERICAN BANK OF NEW YORK, Appellant, v RICHARD NIGRO, Respondent.—Order of the Supreme Court, New

York County (Burton S. Sherman, J.), entered on or about August 17, 1989, granting defendant's motion to dismiss the action pursuant to CPLR 3211 (a) (2), unanimously reversed on the law and in the exercise of discretion, and the matter remanded to the IAS court with the direction that the decision on the motion to dismiss be held in abeyance pending the final determination of the action entitled *In re Secur-Image Technologies* pending in the United States Bankruptcy Court for the District of New Jersey, without costs.

Plaintiff seeks to enforce a guarantee executed by defendant in connection with plaintiff's extension of credit to Secur-Image Technologies, Inc. (SIT), of which defendant is the president. In January 1989, after SIT defaulted on the loans, the parties entered into an agreement whereby, in exchange for a promise by SIT to liquidate certain collateral by March 5, 1989, plaintiff agreed to a modification of the guarantee reducing defendant's personal liability and providing that his liability would be further reduced based on the amount obtained from the liquidation.

The collateral was not liquidated by March 5, 1989. On March 21, 1989, SIT filed a voluntary petition in the United States Bankruptcy Court in New Jersey. On April 5, 1989, plaintiff commenced this action to enforce the guarantee and to recover the total amount due under the terms of the January modification. On April 6, 1989, the parties entered into a stipulation, which was "so ordered" by the Bankruptcy Court (Vincent Commisa, J.), allowing SIT to use some of its cash collateral to continue to operate until May 5, 1989, at which time the collateral would be liquidated, as monitered by the Bankruptcy Court. This stipulation also provided, *inter alia,* that defendant would remain liable on his personal guarantee, but further limited that liability by eliminating the March 5, 1989 deadline, and reiterated the terms of the January modification reducing that liability according to the amount obtained from liquidation. It further provided that any disputes with respect to the stipulation would be adjudicated in Bankruptcy Court, but implied that a separate suit might still be instituted on the guarantee itself by reserving defendant's right to assert any defenses in an action instituted by plaintiff against defendant on the guarantee.

On the basis of that stipulation, the IAS court dismissed the complaint, finding that the parties had intended to divest it of jurisdiction and submit their dispute to the Bankruptcy Court. However, in an order entered on July 31, 1990, the Bank-

ruptcy Court (Daniel J. Moore, J.), held that it did not have jurisdiction over the dispute over the guarantee.

While we agree with the IAS court that the parties expressed a preference that the within dispute be resolved in Bankruptcy Court, it does not appear that it was the intention of the parties to divest the IAS court of jurisdiction in the event of the unavailability of a Federal forum. However, whether or not the Bankruptcy Court has jurisdiction over a dispute involving the guarantee itself, certain terms of the guarantee, as modified by the parties, are clearly before the Bankruptcy Court, as they are contained in the "so-ordered" stipulation. In addition, under the terms of the modified guarantee, the amount for which defendant may be liable is dependent on the amounts obtained from the liquidation of the corporate property. That liquidation is clearly under the aegis of the Bankruptcy Court.

Since it is unclear whether the Bankruptcy Court will ultimately undertake jurisdiction over the guarantee itself, dismissal of the instant action was premature. To insure that the rights of all parties are fully protected, decision on the motion to dismiss should be held in abeyance pending a final disposition of the relevant matters by the Bankruptcy Court. That disposition should promptly be communicated to the IAS court by counsel, at which juncture a decision on the motion to dismiss may be appropriately made in light of all the relevant circumstances. Accordingly, the order dismissing the action is reversed and the matter remanded to the IAS court for further proceedings in accordance with the foregoing. Concur—Kupferman, J. P., Ross, Carro, Asch and Ellerin, JJ.